FILED

JUL - 9 2008

RICHARD W. ...
CLERK, U.S. D...
...DIST...

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO

JOHN J. SHEFCIK III,

    Petitioner,

Vs.

KING COUNTY, A POLITICAL
SUBDIVISION OF THE STATE
OF WASHINGTON; MUNICIPALITY
OF WASHINGTON STATE,

    Defendants, et al.

CASE NO: CV 08 3303

**WRIT OF PREJUDICE:** AGAINST THE UNITED STATES DISTRICT COURT AT SEATTLE, WASHINGTON: ON TRANSFER FROM UNITED STATES DISTRICT COURT AT TACOMA, WASHINGTON.

THIS WRIT IS FILED PURSUANT TO: The Interstate Compact Act with the State of California.

E-filing

### I. PETITIONER

**Comes now,** John J. Shefcik III, who does hereby invoke the provisions of 1 State. 73, "[T]he power and jurisdiction of this Court to act on this case is given by the Judiciary Act of 24 September, 1789, by Congress assembled."

Further, the petitioner, does hereby confer upon this Court his "individual, personal, and political" jurisdiction over him and due to this filing: over the subject-matter contained in this Writ of Prejudice.

### II. JURISDICTION OF THIS COURT OVER THE CONTROVERSY

This action is an "original" and "judicial" writ, as defined in the case of <u>Pullman's Palace-Car Co. v. Washburn</u>, (CC 1894, Mass.) 66 Fed. 790, 796-77 and note 2. See also, 3 <u>Bl.Comm.</u> 282. The jurisdiction of this Court to entertain this Writ inside of this District is given by the Interstate Agreement on Detainers (84 Stat. 1397-1403, Pub.L. 91-538 §§ 1-9; implemented as Cal.Penal.Code § 1389 el seq. and Washington RCW 9.100 et seq.)



The petitioner was extradited from the State of California to the State of Washington pursuant to Pub.L. 91-538 during his criminal proceedings; this action arises from the events that had taken place prior to, during, and after those criminal proceedings and rests upon a violation of federal statutory law as well as the United States Constitution. The original action was filed in the Superior Court for Pierce County, Washington, from the events occurring within the jurisdiction of the King County Sheriff's Department and the unlawful conversion of personal and private property.

Petitioner sought production of relevant documents from King County by and through Pierce County Superior Court; the decision to deny access to these documents was made by a judge within the Pierce County Superior Court. Petitioner then invoked 5 U.S.C. §§ 552, 553, 556, and 557, and requesting the documents, the Clerk's office was unresponsive. Petitioner then sought to remove the proceedings into the United States District Court at Seattle; the District Court Clerk conveyed the Removal to the U.S. District Court at Tacoma, who then changed the Removal [filed pursuant to 28 United States Code §§ 1331, 1443(1), and being timely under § 1446(b)] into a "Civil Rights Complaint" thereby converting the Removal of Civil Action, into a complaint filed under 42 United States Code § 1983, a timely objection was filed, which was summarily ignored. Futhermore, the Pierce County Superior Court continued to believe that the retained jurisdiction over the controversy and issued orders after they were properly served the Notice of Removal, thereby complicating the matter even further. This

Court now has both the subject-matter jurisdiction and petitioners 'jurisdiction' as envisioned by the United States Supreme Court, Chief Justice Marshall in speaking for the Court in the case of, <u>Osborn v. Bank of the United States</u>, 22 U.S. [9 Wheat] 738, 6 L.Ed. 204 (1824) stated:

> [Referring to the Judiciary Clause in the Constitution] "This clause enables the judicial department to receive jurisdiction to the full extent of the Constitution, Laws, and Treaties of the United States, when any question respecting them shall assume such form that the judicial power is capable of acting on it. That power is capable of acting only when the subject matter is submitted to it by a party who asserts his rights in the form prescribed by law. It then becomes a case, and the Constitution declares that the judicial power shall extend to all cases arising under the Constitution, Laws and Triaties of the United States." <u>Id.</u> at 22 U.S. [9 Wheat] 819, 6 L.Ed. 223.

Furthermore, this Court's jurisdiction to act upon this case and render a legally binding ruling within these matters has been and is now currently invoked, by the United States Supreme COurt: "If a case be a removable one, by issuance of a **Writ of Prejudice**, that is, if the action, be one which the circuit court could rightfully take jurisdiction, such as the jurisdiction of an action filed therein, then upon the filing of a petition for removal of Writ of Prejudice, in due time, the case is, in law, removed, and the Court in which it is pending will lose all jurisdiction to proceed further, and all subsequent proceedings within that Court shall henceforth be void. The receiving Court shall have original jurisdiction over the cause removed thereto, but this jurisdiction shall be concurrent with the circuit Court's jurisdiction." [emphasis added for clarity]. <u>New Orleans, M. & F. Ry Co. v. Mississippi</u>, 102 U.S. [12 Otto] 135, 26 L.Ed. 96 (1880); <u>Kern v. Huidakoper</u>, 103 U.S. [13 Otto] 485, 26 L.Ed. 354 (1880); <u>Baltimore & Ohio Ry.</u>

Co. v. Koontz, 104 U.S. [14 Otto] 5, 26 L.Ed. 643 (1881); National Steam Ship Co. v. Tugman, 106 U.S. 118, 1 S.Ct. 58, 27 L.Ed. 87 (1881); St. Paul and Chicago Ry. Co. v. McLean, 108 U.S. 212, 2 S.Ct. 498, 27 L.Ed. 703 (1883); Crehore v. Ohio & Minn Ry. Co., 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144 (1889); and Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891). "After the presentation of a sufficient petition in such a case, said removal shall restraint all other parties in the case and against whom the cause has been legally removed from taking any further action on the case in any subsequent proceedings." See French v. Hay, 89 U.S. [22 Wll] 250, 22 L.Ed. 857 (1874); Dietzsch v. Huidelcoper, 103 U.S. [13 Otto] 494, 496, 26 L.Ed. 497, 498; Moran v. Sturgess, 154 U.S. 256, 270, 14 S.Ct. 1019, 38 L.Ed. 981, 985 (1894). And see, in support thereof, Sargent v. Helton, 115 U.S. 348, 6 S.Ct. 78, 29 L.Ed. 412 (1885); Harkrader v. Wadely, 172 U.S. 148, 19 S.Ct. 119, 43 L.Ed. 399; Gaters v. Bucki, 4 CCA 116, 12 U.S. App.D.C. 69, 53 Fed. 961 (1893); Texas & Pacific Ry. Co. v. Kuteman, 4 CCA 503, 13 U.S. App.D.C. 99, 54 Fed. 547 (1893); Re White's Law, 71 Fed. 733, 738 (1896); Iron Mountain Ry. Co. v. Memphis, 37 CCA 410, 96 Fed. 131 (1899); and James v. Central Trust Co., 39 CCA 126, 98 Fed. 489 (1899).

Modern rulings from the various Courts have all stated basically the same thing, see, q.v., "[A]lthough this is still sometimes challenged, judicial power is that power to determine what is the law applicable to a case, to apply that law to that case, and to render judgment accordingly." Kuhnert v. U.S., (DC 1941, Mo.), 36 F.Supp. 798, 800.

Thus, a judgment is sought in this Court, which is within the sphere of this Court's authority to render such a decision of the law, given by this competent tribunal - as the result of these proceedings instituted within this Court. See, 3 Bl.Comm. 395; Allegheny County v. Maryland Casualty Co., (CA11, 1943, Fla.), 132 F.2d 894, 897; Reed v. Howbert, (CA10, 1935, Colo.), 77 F.2d 227, 228, such a judicial determination of this Court is within its inherent power and jurisdiciton. Walden v. Hudspath, (CA10, 1940, Kan.), 115 F.2d 558, 559; U.S. v. Hark, 320 U.S. 531, 64 S.Ct. 359, 360, 361, 88 L.Ed. 290 (1944); U.S. v. Zisblat, (CA2, 1949), 172 F.2d 740, 742, and U.S. v. Blue, 384 U.S. 251, 256, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966).

### III.  REASON FOR REMOVAL

If it pleases this Court, attached is a "Sworn Affirmation" by the petitioner setting forth his reasons for the "Removal from the U.S. District Court at Tacoma, to the United States District Court for the Northern District of California. The following legal authority is used here to support those contentions.

"Ordinarily, a court may be disqualified in any proceedings or hearing wherein the subject court is called upon to exercise its inherent judicial power and discretion, whether in proceedings in some type of inferior tribunals, or in the higher courts of last resort; but such an exercise of rights must be used sparingly in light most favorable to judicial ecomony." Parker v. New England Oil Corp., (DC 1926, Mass.), 13 F.2d 497.

This Court is then directed to take judicial notice of the Compact between the State of Washington and the State of California. In addition to this Compact & Agreement, this Court is requested to take judicial notice of the ruling issued by the United States Supreme Court in, <u>Texas v. New Mexico</u>, (Original Jurisdiction, 1983), 462 U.S. 554, 103 S.Ct. 2558, 77 L.Ed.2d 1, 51 USLW 4805 [http://www.versuslaw.com, 1983.SCT.2426]. Approved by Congress, ch. 184, 63 Stat. 159. "Once congressional consent is given to an interstate compact as required by the Compact Clause, [of the United States Constitution], the compact is transformed into a law of the United States, [quoting <u>Pennsylvania v. Wheeling & Belmont Bridge Co.</u>, 54 U.S. [13 How] 518, 566, 14 L.Ed. 249 (1852), conforming to, <u>Green v. Biddle</u>, 21 U.S. [8 Wheat] 1, 5 L.Ed. 547 (1823), and unless the compact is unconstitutional, **no court may order relief inconsistent with its express terms.**" (emphasis added for clarity).

//
//
//
//
//
//
//
//
//
//
//

### IV. CLAIM

Petitioner claims that supporting this Writ of Prejudice, is the manner and means of those decisions rendered by the several Courts and the United States Supreme Court as quoted herein.

Petitioner requests that this Court use its inherent judicial authority and power, and treat this Writ of Prejudice as a Writ of Removal from the State of Washington to the State of California, as an 'original' jurisdictional filing.

### V. STATEMENT OF PETITIONER

State of Washington        )
                           )   **SWORN AFFIRMATION**
In Grays Harbor County     )

I, John J. Shefcik III, do state that I have read this Document, that I understand these proceedings and those items within this Document; and I state under the pain and punishment of the criminal act of Perjury, (as controlled by the laws of the United States, Title 18 United States Code § 1001), that the statements contained herein are true and correct to the best of my personal knowledge.

I hereby Date this the: 18th day of June, 2008 A.D.

/s/ _John J. Shefcik III_
John J. Shefcik III  823809
191 Constantine Way   H1B35L
Aberdeen, Washington  98520

cc: USDC-Seattle
    USDC-Tacoma
    Wa. Att'y Gen.
    U.S. Att'y Gen.

### FURTHER AFFIANT SAYITH NAUGHT

//
//
//
//
//

-ooo-0-ooo-

ORIGINAL

STAFFORD CREEK CORRECTIONS Center,
Thomas R. McKee, 269210-H1B60,
191 Constantine Avenue,
Aberdeen, WASHINGTON. 98520

Office of the
United States District &
Northern District of C
280 South First
Room: 2112
San Jose, Calif
951




WASHINGTON, 78520

Office of the Clerk,
United States District Court,
Northern District of California,
280 South First Street,
Room: 2112
San Jose, California.
95113-3095

*[signature] 6-20-08*

DATED DOCUMENTS ENCLOSED

LEGAL MAIL

RECEIVED
JUN 26 2008
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Mailed 20 June 08

RECEIVED
JUN 26 2008
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIF
SAN JOSE

LEGAL MAIL

DATED DOCUMENTS ENCLOSED

Mailed 20 June