UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. SHEFCIK, III, | No. C 08-3303 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| KINGS COUNTY, a political subdvision of the State of Washington; et al., | |
| Respondents. | |

John J. Shefcik, III, an inmate in a state prison in Aberdeen, Washington, commenced this action by filing a "Writ of Prejudice: Against The United States District Court At Seattle, Washington: On Transfer From United States District Court At Tacoma, Washington."  The document generally does not make sense, but when read in conjunction with the "affidavit" that accompanied it, appears to be an effort to seek review of decisions of the U.S. District Courts for the Eastern District of Washington and the Western District of Washington. Nothing in the pleading indicates any connection to anything in the Northern District of California: the closest petitioner comes is a statement that he was once incarcerated in a prison in Taft, California (which is within the Eastern District of California), before being extradited to Washington in March 2000.  Several of petitioner's later filings have a hodgepodge of case numbers and titles on them indicating he thinks he has removed a case from the Washington State Supreme Court to the "Superior Jurisdiction" of this court. See, e.g., Docket # 18.

This court is a court of original jurisdiction and has no authority to review the decisions of other district courts. See 28 U.S.C. § 1330. The United States Court of Appeals for the Ninth Circuit has appellate jurisdiction to review a decision of a district court within the circuit. See 28 U.S.C. § 1291. Plaintiff's assertion that he has removed a case from the Washington Supreme Court does not provide a basis for jurisdiction here because, as a plaintiff/petitioner, he has no power to remove a case under the federal removal statute. See 28 U.S.C. § 1446. Further, this court does not have appellate jurisdiction to review decisions by state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

Even if the jurisdictional problem did not exist, the allegations in the pleading show that venue does not lie in the Northern District of California. No defendant resides here, no part of the events or omissions giving rise to the claim occurred here, and the respondents are not subject to personal jurisdiction in this venue. See 28 U.S.C. § 1391. An action filed in the wrong venue may be dismissed. See 28 U.S.C. § 1406(a).

This action is DISMISSED for lack of jurisdiction and because it is not filed in the proper venue. In light of the dismissal of this action, all pending motions are DENIED as moot. The clerk shall close the file.

IT IS SO ORDERED.

DATED: February 13, 2009

Marilyn Hall Patel
United States District Judge